

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer P. Rainey, President,
The University of Texas
Austin, Texas

Dear Dr. Rainey:

Opinion No. O-2558
Re: Legality of a proposed plan
for the creation of a Legal
Aid Clinic as a feature of
the program for the Law
School of the State University.

We have your letter of July 17, 1940, asking the opinion of this department as to the legality of a plan proposed by the faculty of the School of Law of the University for the creation of a Legal Aid Clinic, the resolution of the faculty being as follows:

"Be it resolved:

"(1) That a legal aid clinic be established of the exclusive law school type;

"(2) That such clinic be under the directorship of a professor or instructor who has had experience as a practicing lawyer;

"(3) That in all matters requiring appearance or action upon the part of a licensed attorney, the director, or a local attorney designated by him, appear or act with the assistance of students enlisted in the clinic;

"(4) That the director expend half of his time in teaching at this Law School;

"(5) That provision be made, by request of the proper University authority or otherwise, for an additional instructor upon the faculty

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

staff to serve as director or, if a member of the present faculty is designated director, to take over the work left by the director in the division of his duties;

"(6) That the clients of the clinic be only such persons as cannot afford to employ a lawyer and have cases not subject to being handled on a contingent fee basis;

"(7) That for the present the clients of the clinic be persons living in Travis County and be advised or represented pursuant to personal consultation only; and the work of the clinic shall not extend to the conduct of litigation outside Travis County;

"(8) That upon the above principles the clinic determine the clients that will be served, by means of advice from such agencies as the Community Chest, employees of the county or city, the Salvation Army, the churches, etc., and after investigation by students or others connected with the clinic and approval by a committee of the clinic and a committee of the Travis County Bar Association;

"(9) That for the present, the business to be attended to by means of the clinic, shall include civil litigation, excepting divorce matters, and other exceptions that may be made as experience demands. Criminal cases and office practice are included;

"(10) That the students who may participate in the work of the clinic shall be seniors in this Law School and shall be selected by the Director from the top half of the class with preference according to standing; that each may devote a maximum of six hours a week to the work;

"(11) That no credit be given in the students' grades for this work;

"(12) That it will be no objection to membership in the clinic that the student is also a mem-

ber of the Board of Student Editors of the
Texas Law Review;

"(13)  That the physical quarters of the
clinic be set up in the basement and be
equipped with proper partitions and furnish-
ings;

"(14)  That adequate money be provided in
order to employ the director and a secretary,
and to purchase the necessary stationery and
supplies;

"(15)  That the plan for the clinic be
submitted to the Travis County Bar Associa-
tion for its approval;

"(16)  That it also be submitted, for ap-
proval, to the President of the University and
through him eventually to the Board of Regents;

"(17)  That the plan of operation be sub-
mitted to the Attorney General, by means of the
President, for opinion as to legality."

The State Bar Act (H. B. No. 74) passed by the
46th Legislature at its regular session (General Laws
Texas, 1939, Vol. 1, p. 64) authorizes the Supreme Court
"to prepare and propose rules and regulations for dis-
ciplining, suspending and disbarring attorneys at law,"
who by virtue of the Act become members of the State Bar
subject to the rules adopted by the Supreme Court.  By
the express provisions of this Act "all persons not mem-
bers of the State Bar are hereby prohibited from practic-
ing law in this State."

The Supreme Court has exercised this function
and by Rule 43 promulgated by it, it is provided, "No
member shall permit his professional services or his name
to be used in aid of, or to make possible, the practice
of law by any person not a member of the State Bar."

It is the opinion of this department there is
nothing in the statutes or rules promulgated by the Su-
preme Court that would prevent the creation of a Legal
Aid Clinic as a feature of the Law School program, as

Honorable Homer P. Rainey - Page 4

outlined by the resolution above quoted. On the contrary, we are of the opinion the proposed plan is a worthwhile exercise of a power vested by law in the School of Law of the State University in the education and training of candidates for a law degree and membership in the Texas State Bar.

We are assuming, of course, that the director of your proposed Clinic, who performs the actual activities of the Clinic, will himself be a member of the State Bar, and, furthermore, that any assistant co-operating with him in any act constituting the practice of law will likewise be a member. The work of the Clinic, therefore, so far as students of the Law School are concerned, will be demonstrative instructions, which, after all, is a most valuable feature of professional training for the law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED JUL 25, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN